## UNITED STATES v. ELLIOTT.

*(District Court, D. Kentucky. July 8, 1892.)*

POST OFFICE—NONMAILABLE MATTER—DUNNING POSTAL CARD.

> A postal card containing a notice that rent was due and unpaid, and, if not paid by a certain date, that the "matter would be placed in the hands of an officer," does not come within the prohibition of the act of September, 1888, declaring nonmailable any postal card of a "threatening character," and "obviously intended," from its "terms, manner, and style of display, to reflect injuriously upon the character of another."

At Law. Indictment of R. G. Elliott for mailing a nonmailable postal card. Demurrer to indictment sustained.

*Geo. W. Jolly,* U. S. Atty.

*Wm. H. Sneed,* for defendant.

BARR, District Judge. The indictment charges the defendant with knowingly depositing in the mail of the United States for transportation a postal card, which is in the following language, viz.:

"LEXINGTON, KY., Mch. 1, 1892.

"*E. R. Oder:* Your rent was due Thursday, Feb'y 25th, 1892, and has not been paid. If the rent is not paid by Thursday, Mch. 3rd, 1892, I will place the matter in the hands of an officer.

"Respectfully, R. G. ELLIOTT."

The mailing of this card, it is claimed, violated the act of September, 1888, in regard to nonmailable matter, and this is the question raised by the demurrer. That act declares nonmailable any postal card upon which there are—

"Any delineations, epithets, terms, or language of an indecent, lewd, lascivious, obscene, libelous, scurrilous, defamatory, or threatening character, or calculated by the terms, manner, or style of display, and obviously intended, to reflect injuriously upon the character or conduct of another."

It cannot be said that there is in the terms, manner, or style of display on this postal card an obvious intention to affect injuriously the character of Mr. Oder. Is the postal card of a threatening character? Clearly, Mr. Elliott had the legal right to put his claim for rent past due in the hands of an officer for collection. The notice of that fact was not legally necessary, but, as he gave another and extended day of payment, I cannot think the notification that, if not then paid, it would be put in the hands of an officer, is of the threatening character mentioned in the statute. This act is highly penal, and should be strictly construed. There is, we think, nothing in the language of this act or the general law which prohibits the use of postal cards for the simple purpose of asking payment of a past-due debt, or of notifying a debtor that, if not paid, legal steps will be taken for its collection. In this case Elliott reminded Oder that his rent was past due, which was presumably well known to him; but, as he extended the time for payment, and said if not then paid he would place the claim in the hands of an officer, it was

rather a notification than a threat such as is intended by the statute. This is not the case of a collecting agency that has its cards or envelopes printed in such a way as to make a display to attract attention, and thus proclaim that their correspondents are delinquent debtors, as in the case of *U. S.* v. *Brown*, 43 Fed. Rep. 135. Neither is the present case exactly like that of *U. S.* v. *Bayle*, 40 Fed. Rep. 664. In that case the amount due was only $1.80, and on the 18th of April, 1889, the debtor, Greb, was sent a postal card, in which he was reminded of the debt being past due, and that he had been called upon several times for payment, and the statement then made, "If not paid at once, we shall place the same with our law agency for collection;" and a few days afterwards, May 1, 1889, another postal card was, in substantially the same language, sent. The smallness of the debt, and the sending a second time substantially the same card, may have induced the learned court to believe the mail was being used for the mere purpose of publishing the debtor's delinquency. The case is not, therefore, quite in point to the one at the bar. I, however, cannot concur in the reasoning or the conclusion of the able court in that case. The demurrer should be sustained, and it is so ordered.